

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,251-01

**EX PARTE JESSICA JEWEL CORIN BENTON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W16-41572-X(A) IN THE CRIMINAL DISTRICT COURT NO. 6 FROM DALLAS COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of continuous sexual abuse of a child and sentenced to sixty years' imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that her trial counsel provided ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). Applicant has alleged facts that, if true, might entitle her to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court

Filed: November 9, 2022
Do not publish